IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAPLE TREE PROPERTIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-695-C |
| ) | |
| HARTFORD CASUALTY ) | |
| INSURANCE COMPANY, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | **ATTORNEY LIEN CLAIMED** |

**PLAINTIFF MAPLE TREE PROPERTIES, LLC'S
FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Maple Tree Properties, LLC ("Maple Tree" or "Plaintiff"), for its First Amended Complaint against Defendant Hartford Casualty Insurance Company ("Hartford" or "Defendant") for Defendant's breach of contract and Defendant's breach of its obligation of good faith and fair dealing as an insurer of Plaintiff. Plaintiff alleges and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.   Maple Tree is a limited liability company registered in Oklahoma. Its principal place of business is in the Western District of Oklahoma in the United States. Its registered agent and managing member is Brian Berry, who is an Oklahoma citizen and is domiciled in Oklahoma.

2.   Upon information and belief, Hartford is an Indiana corporation with its principal place of business in a state other than Oklahoma, but does business in the State of Oklahoma. Hartford is registered with the Oklahoma Insurance Commissioner.

3. This action is for breach of duty to act in good faith and fair dealing and for breach of contract, and the amount in controversy exceeds $75,000.00.

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the Western District of Oklahoma.

## FACTUAL ALLEGATIONS

6. Maple Tree had an insurance policy with Hartford (the "Policy") that was in effect on May 20, 2013.

7. By the terms of the Policy, Hartford agreed to insure a single story commercial building located in Moore, Oklahoma (the "Property").

8. On May 20, 2013, a tornado struck the Property. The tornado resulted in widespread damage to the Property, including, but not limited to, the Property's roof, the Property's exterior wall, the Property's windows, and the Property's standalone sign.

10. The Policy included coverage for damage caused by wind and flying debris related to storms.

11. The Policy included coverage for Replacement Cost for the Property.

12. The losses incurred by Maple Tree constitute "covered" losses according to the terms of the Policy.

13. Maple Tree made a claim under the Policy; Hartford offered partial payment that was unreasonably low.

14. Hartford did not reasonably investigate the claim; after several months of delay, Hartford offered to tender larger amounts, though the amounts were still unreasonably low and did not adequately cover the losses to the Property.

15. Hartford has failed and/or refused to fully and fairly pay Maple Tree's claim.

16. As a result of Hartford's actions and inactions, Maple Tree has suffered economic losses and hardship, embarrassment, and mental pain and suffering.

### FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT

16. Maple Tree incorporates by reference and restates all allegations in the preceding paragraphs.

17. Hartford breached its contract with Maple Tree by failing to acknowledge, properly investigate, and provide timely payment of Maple Tree's claim under the Policy. These failures occurred despite Maple Tree (1) giving notice of its claim to Hartford; (2) having an independent engineer verify that the tornado damaged the Property; and (3) having demanded payment for the damages incurred.

18. Maple Tree performed all conditions precedent for recovery under the Policy, and Hartford is without excuse for its breach.

19. As a result of Hartford's breach of contract, Maple Tree has sustained damages in the amount in excess of $75,000.00, and for costs, attorneys' fees, and interest.

## SECOND CAUSE OF ACTION:
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

20. Hartford's refusal to pay Maple Tree's claim was unreasonable under the circumstances, and Hartford thereby violated their duties of good faith and fair dealings with Maple Tree under Oklahoma law.

21. Hartford intentionally and with malice breached its duty to deal fairly and in good faith with Maple Tree by, among other things:

   a. Intentionally misconstruing and misrepresenting coverage under the Policy in order to avoid full and fair payment;

   b. Refusing to promptly and properly evaluate the full extent of the loss;

   c. Refusing to pay Maple Tree's policy benefits for reasons contrary to express provisions of the Policy;

   d. Refusing to pay Maple Tree's policy benefits by applying restrictions not contained in the Policy;

   e. Failing to adopt and implement reasonable standards for the prompt, fair and full investigation and reasonable handling of claims arising under their policies, including Maple Tree's Policy;

   f. Unnecessarily delaying and ignoring the covered claim and failing to respond to the claim;

   g. Refusing to promptly and properly investigate Maple Tree's claim;

   h. Ignoring the reasonable expectations of the insured;

      i.      Deliberately and intentionally undervaluing the Property, resulting in insufficient payments to Maple Tree;

      j.      Arbitrarily and without basis depreciating the Property damaged in the above-described tornado, thereby unfairly and without valid basis reducing the fair amount of Maple Tree's claims; and,

      k.      Purposefully, wrongfully, and repeatedly withholding benefits due under the terms and conditions of the Policy.

All of these actions or inactions are in violation of the covenant of good faith and fair dealing, and resulted in financial benefit to Hartford.

22.    As a result of Hartford's unfair and unreasonable conduct, Maple Tree has sustained actual damages including economic losses, embarrassment, and mental anguish in an amount in excess of $75,000.00.

### THIRD CAUSE OF ACTION: EXEMPLARY/PUNITIVE DAMAGES

23.    Hartford's actions in the handling of Maple Tree's claim were unfair, and constitute a reckless disregard of its duties to deal fairly and in good faith with Maple Tree, its insured.

24.    Hartford's actions in the handling of Maple Tree's claim were an intentional and malicious breach of its duty to deal fairly and act in good faith with Maple Tree, its insured.

25. Further, Hartford is in violation of the Unfair Claims Settlement Practices Act as set forth in 36 O.S. § 1250.5, which constitutes *prima facie* evidence of Hartford's disregard of their duties of good faith and fair dealing.

26. As a result of Hartford's actions and inactions, Maple Tree is entitled to recover exemplary or punitive damages to deter others from like conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maple Tree Properties, LLC, prays for judgment against Defendant Hartford in a sum in excess of $75,000.00, which:

A. Awards Maple Tree its actual damages resulting from Hartford's breach of contract and breach of its duty to deal fairly and act in good faith, with interest thereon at the highest legal rate from the date of loss of May 20, 2013, until paid, together with all costs of this action, including attorney's fees;

B. Awards Maple Tree punitive damages for Hartford's reckless disregard and/or intentional and malicious breach of its duties to Maple Tree; and

C. Grants all other relief which may be just and equitable.

## JURY DEMAND

Maple Tree hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 28th day of July, 2014.

/s John A. Krahl_____
John A. Krahl, OBA # 31124
Kevin E. Krahl, OBA #11126
Jerry Tubb, OBA # 9106
FULLER, TUBB, BICKFORD & KRAHL, PLLC
201 Robert S. Kerr, Suite 1000
P.O. Box 887

Oklahoma City, OK 73101-0887
Telephone: (405) 235-2575
Fax: (405) 232-8384
jkrahl@fullertubb.com
krahl@fullertubb.com
jerry.tubb@fullertubb.com
*Attorneys for Plaintiff Maple Tree Properties, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. In addition, a true and correct copy of the above and foregoing document was sent via electronic mail to:

Jodi Dishman
McAfee & Taft
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
jodi.dishman@mcafeetaft.com
keeli.gardner@mcafeetaft.com

/s John A. Krahl_____
John A. Krahl